**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

_____

| | |
|---|---|
| **DOMINION COVE POINT LNG, L.P.** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No. AW-07-1243** |
| | ) |
| **1.9240 ACRES OF LAND MORE OR** | ) |
| **LESS IN CHARLES COUNTY,** | ) |
| **MARYLAND,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## MEMORANDUM OPINION

Pending before the Court and ready for resolution is Defendant Cloria A. Jackson's

Motion to Vacate or Amend Partial Summary Judgment for Possession of Easements (Paper No.

17). Plaintiff Dominion Cove Point LNG, L.P. ("Dominion Cove") filed a Response (Paper No.

19). Defendant did not file a Reply and the deadline has elapsed. No hearing is deemed

necessary and the Court now rules pursuant to Local Rule 105.6 (D. Md. 2004).

## BACKGROUND

On May 11, 2007, Dominion Cove filed a Complaint in Condemnation naming the

easements, 1.9240 Acres of Land More or Less in Charles County, Maryland, and Cloria A.

Jackson, as Defendants. Paper No. 1. Ms. Jackson filed an Answer on June 26, 2007. Paper No.

5. On July 2, 2007, Dominion Cove filed a Motion for Partial Summary Judgment and for

Possession of Easements. Paper No. 6. Ms. Jackson filed an Amended Answer on July 17,

2007, Paper No. 9, and three days later, filed her Response to Dominion Cove's motion. Paper

No. 10. Dominion Cove filed its Reply on August 2, 2007. Paper No. 12.

On August 10, 2007, this Court issued a Memorandum Opinion and Order granting Dominion Cove's Motion for Partial Summary Judgment and for Possession of Easements. Paper Nos. 13, 14. The immediate possession of the easements is contingent upon Dominion Cove posting a surety bond in the amount of $11,264.00 with this Court. This Court also directed that this case continue for trial on the issue of just compensation. On August 20, 2007, Dominion Cove posted a surety bond in the amount of $11,264.00 with this Court. Paper No. 18. The next day Ms. Jackson filed her Motion to Vacate or Amend.

## DISCUSSION

Before addressing substantively Ms. Jackson's motion, the Court considers two procedural challenges raised by Dominion Cove.

A.    *Motion to Amend is Appropriate*

Dominion Cove contends Ms. Jackson should have filed a Motion for Reconsideration rather than a Motion to Vacate since Ms. Jackson claims there are grounds for the Court to revisit its ruling. "However, [Dominion Cove] will address [Ms. Jackson's] Motion to Vacate as if it were an appropriate motion to reconsider." Pl.'s Resp. Def.'s Mot. Vacate or Amend Partial Summ. J. ("Pl.'s Resp."), at 2.

Ms. Jackson is not represented by counsel. In proceeding *pro se*, Ms. Jackson is not as well-versed with various types of motions as is Dominion Cove's counsel. The Court notes Ms. Jackson sought to vacate or *amend* this Court's ruling. *Amend* is a related word to *reconsider*. *Webster's Collegiate Thesaurus* 660 (1976).

Moreover, Ms. Jackson filed her Motion to Vacate or Amend in accordance with Federal Rule of Civil Procedure 59, *see* Def.'s Mot. Vacate or Amend Partial Summ. J. ("Def.'s Mot."),

at 1, not Rule 60 as alleged by Dominion Cove, *see* Pl.'s Resp., at 2-3.  Rule 59(e) states, "[a]ny

motion to alter or amend a judgment shall be filed no later than 10 days after entry of the

judgment."  A motion for reconsideration and a motion to alter or amend are synonymous.  *See*

*Erskine v. Board of Educ.*, 207 F. Supp. 2d 407, 408 n.1 (D. Md. 2002) ("The motion for

reconsideration pursuant to Rule 59 is merely another name given to the motion to alter or

amend judgment.").  Ms. Jackson's motion is properly entitled as a motion to amend.

　　　　B.　　　*Ms. Jackson's Motion is Timely*

　　　　Dominion Cove claims Ms. Jackson's motion is untimely by one day.  Per Local Rule

105.10, a motion to reconsider must be filed "not later than 10 days after entry of the order."

The Order granting Dominion Cove's motion was entered on August 10, 2007.  Ms. Jackson

filed her Motion to Amend on August 21, 2007.  "[A]s the Motion to Vacate was only late by

one (1) day, [Dominion Cove] recognizes that it likely has not been prejudiced by [Ms.

Jackson's] delay."  Pl.'s Resp., at 3.

　　　　Federal Rule of Civil Procedure 6(a) states, in pertinent part:

> In computing any period of time prescribed or allowed by these rules,
> by the local rules of any district court . . . the day of the act, event, or
> default from which the designated period of time begins to run shall
> not be included.  The last day of the period so computed shall be
> included, unless it is a Saturday, a Sunday, or a legal holiday. . . .
> *When the period of time prescribed or allowed is less than 11 days,*
> *intermediate Saturdays, Sundays and legal holidays shall be excluded*
> *in the computation.*

Emphasis added.

　　　　Because Local Rule 105.10 and Rule 59(e) provide a period of time to file a motion for

reconsideration or motion to alter or amend that is less than 11 days, weekends and legal

holidays are excluded from the computation of time.  Applying Rule 6(a), ten "business"days

after the entry of the August 10, 2007 Order is *August 24, 2007*.  Ms. Jackson's Motion to
Amend filed on August 21, 2007 is timely.

      C.     *Ms. Jackson's Arguments in Support of Amending the Judgment*

      Ms. Jackson contends Dominion Cove changed the Certificates of Public Convenience
and Necessity (" certificates" or "FERC Order") because those certificates did not address access
roads.  In support of her contention, Ms. Jackson cites (1) paragraph 17, page 7, (2) paragraph 6,
page 77, and (3) paragraph 17, page 81 of the FERC Order.  *See* Def.'s Mot., Exs. 1, 2.  Ms.
Jackson asserts, during the hearing and protest period, there was no discussion about access
roads.  "I could not protest what I did not know about."  *Id*. at 2.  Ms. Jackson further claims that
Dominion Cove neither informed her about the access roads nor obtained her approval for the
access roads.  Ms. Jackson argues "[t]he access roads require far more land than the pipeline and
subject the property to risks."  *Id.* at 5.  She asserts the $11,264.00 surety bond does not reflect
sufficiently the total amount of land affected by the pipeline and access road.  "A 50' wide by
1,970' long road would destroy the property for future development."  *Id.* at 6.

      D.     *Dominion Cove's Opposition to Altering the Judgment*

      Dominion Cove asserts there is no basis for this Court to reconsider its judgment.  The
FERC Order is not subject to collateral attacks.  There are specific and exclusive procedures,
pursuant to the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, for an aggrieved person to challenge
the validity of a FERC Order.  Dominion Cove asks this Court to disregard Ms. Jackson's
attempt to collaterally attack the FERC Order.

      Second, Dominion Cove "affirmatively represents that it did submit the Access Road for
consideration by the FERC, and the Access Road was therefore approved by the FERC when it

issued the Certificate." *Id.* at 5. On August 1, 2005, Dominion Cove filed Supplement No. 2

with FERC. As Dominion Cove concedes, this Supplement No. 2 was generated primarily "in

response to landowner requests for relocating the proposed pipeline route within a given

property. One property is included herein because survey access was not granted in time for the

April 11, 2005 filing." Pl.'s Resp., Ex. 1, at 1. The latter sentence refers to Ms. Jackson's

property. Dominion Cove also attached multiple tables from Supplement No. 2, revised as of

July 22, 2005, showing Access Road *S2-AR-1* as part of the FERC Order. *See id.*, Ex. 1 (Tables

4.2-2, 8.2-5, and 8.2-6). Dominion Cove requests that the Court deny Ms. Jackson's motion.

  E.  *Motion to Amend Judgment*

  Ms. Jackson timely moved to amend judgment in accordance with Federal Rule of Civil

Procedure 59(e). "A district court has the discretion to grant a Rule 59(e) motion only in very

narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to

account for new evidence not available at trial; or (3) to correct a clear error of law or prevent

manifest injustice.'" *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (quoting *Collison v.

International Chemical Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994)).

  F.  *Analysis*

  Ms. Jackson does not identify any contradictory case law or new evidence in her motion

to amend the order granting Dominion Cove partial summary judgment and possession of the

easements. Ms. Jackson instead reiterates, for the most part, arguments made in her response to

Dominion Cove's motion for partial summary judgment.

  Ms. Jackson directs this Court's attention to paragraph 17, page 7 of the FERC Order

which begins, "On May 27, 2005, Cove Point LNG filed new information to supplement its

application for the LNG import terminal expansion." Def.'s Mot., Ex. 1, at 2 (footnote omitted). This matter is not relevant to this litigation because it concerns the expansion of the Cove Point LNG Facility (FERC Docket No. CP05-130), not gas pipeline TL-532 (FERC Docket No. CP05-132), the subject of this eminent domain proceeding. Second, Dominion Cove has attached exhibits showing it supplemented or amended its applications in July and August of 2005. *See* Pl.'s Resp., Ex. 1. This is verified by footnote 1 on page 2 of the FERC Order which states,

> Cove Point LNG's and Dominion's applications were supplemented on April 22, and April 28, 2005, in order to fulfill the Commission's minimum filing requirements. Cove Point LNG and Dominion submitted significant data responses and further supplements to their applications on July 5, July 8, July 28, August 5, August 9, August 14, December 5 and December 21, 2005, January 12 and January 17, 2006.

Compl., Ex. 2 (FERC Order, at 2 n.1).

Presuming Ms. Jackson was not advised of these supplements and thus not given the opportunity to protest, this Court has no authority to remedy. Ms. Jackson may not collaterally attack the validity of the June 16, 2006 FERC Order in a subsequent proceeding, whether in state or federal court. *Williams Natural Gas Co. v. City of Oklahoma City*, 890 F.2d 255, 262 (10th Cir. 1989), *cert. denied*, 497 U.S. 1003 (1990). Furthermore, contrary to Ms. Jackson's assertion, it appears FERC was aware of the access road and thus Dominion Cove did not alter the certificates after FERC issued them.

Second, Ms. Jackson refers the Court to paragraph 6, page 77 of the FERC Order which states in pertinent part,

> Dominion shall file with the Secretary detailed alignment maps/sheets and aerial photographs at a scale not smaller than 1:6,000 identifying all route realignments or facility relocations, and staging areas, pipe storage yards, new access roads, and other areas

6

that would be used or disturbed and have not been previously identified in filings with the Secretary.  Approval for each of these areas must be explicitly requested in writing.  For each area, the request must include a description of the existing land use/cover type, and documentation of landowner approval, whether any cultural resources or federally listed threatened or endangered species would be affected, and whether any other environmentally sensitive areas are within or abutting the area.

Def.'s Mot., Ex. 2, at 1.

First, this Court notes this paragraph is listed in Appendix B outlining "environmental conditions" for the three Dominion certificates.  Second, Dominion Cove had a contractor prepare a plat depicting the access road zigzagging across Ms. Jackson's property on August 10, 2005.  *See* Compl., Ex. 1.  At the time FERC issued the certificates, FERC had been informed of the access road's route through Ms. Jackson's property.  The Court notes this plat was *revised* on February 2, 2007 but does not know whether such a revision would trigger the requirements of paragraph 6 or even if paragraph 6 applies to Ms. Jackson's property.

Next, Ms. Jackson's reliance on paragraph 17, page 81 of the FERC Order which begins, "Dominion shall not use access road AR-1 for construction and operation of its TL-492 EXT 3 Pipeline, unless it can provide justification as to why the construction of the new access road is necessary[,]" Def.'s Mot., Ex. 2, at 2, is misplaced.  TL-492 EXT 3 Pipeline "consists of approximately 11 miles of 24-inch diameter pipeline loop that will parallel Dominion's existing TL-342 pipeline from the northern part of Wetzel County, West Virginia to Greene County, Pennsylvania."  FERC Order, at 12 (¶ 28).  TL-492 EXT 3 Pipeline is *not* the subject of this eminent domain proceeding.

The Court agrees with Ms. Jackson's assertion that the access road will require far more land than the pipeline, clearly demonstrated by the plat Dominion Cove's contractor prepared.

Ms. Jackson also claims the substantial width and length of the access road will destroy the

property for future development.  Although speculative at this point, there is undoubtedly merit

to this assertion.  The Court recognized the significant adverse economic impact of the proposed

access road in its August 10, 2007 Memorandum Opinion.

> In authorizing the pipeline expansion project, FERC was aware that
> some landowners would be affected.  FERC nonetheless determined
> "there should be *de minimis* economic impact on landowners since 75
> percent of the new pipeline's length will parallel the existing Cove
> Point Pipeline and the remaining 25 percent of the new pipeline route
> will deviate from existing pipeline route in order to minimize the
> environmental and landowner impacts." FERC Order, at 51 (¶ 129).
> Based on the Court's review, although the new pipeline easement
> (TL-532) will parallel the existing pipeline easement (TL-522), there
> does not appear to be an access road as part of the existing pipeline
> (TL-522) on Ms. Jackson's property.  The economic impact of the
> proposed access road, based on the August 10, 2005 plat, appears
> greater than 1.1866 acres only and further appears to be more than *de
> minimis*.  The economic impact of the proposed access road therefore
> *must* be reassessed.

Paper No. 13, at 15-16.

Although not specifically noted by Dominion Cove in response to Ms. Jackson's motion

to amend, Dominion Cove attached, as part of exhibit 1, Supplement No. 2, Addendum to the

Wetland Delineation Report, revised July 2005, which includes a reference to Ms. Jackson in

Part III, Results, 3.1 Summary of Results.

> The Cloria Jackson property, a previous stay-off, is located west of
> the Prince Georges/Charles County line and east of Woodville Road
> in Section 2.  An access road that connects Route 381 to the pipeline
> *just before the Jackson property was also studied*.  No wetland
> features were identified on either the Jackson property or the access
> road.

Pl.'s Resp., Ex. 1 (emphasis added).  This paragraph appears to confirm that no access road

existed on Ms. Jackson's property before Dominion Cove's delineation.

8

Lastly, Ms. Jackson argues, "[t]he [access] roads can be placed at another location in a less intrusive portion of the property such as close to the perimeter so that it does not cut through the center **of the property**."  Def.'s Mot., at 2.  This Court previously concurred with Ms. Jackson's assessment that the proposed access road cuts through the property.  The present path of this access road appears haphazard and why such an accommodation cannot be made is unknown to this Court.  Because this proposed access road's economic impact is more than *de minimis*, it would be prudent for Ms. Jackson to retain an appraiser to assess the adverse financial ramifications of this access road on her property and to request permission from this Court to use the appraiser's report in any proceedings before the Land Commissioners.

### CONCLUSION

Ms. Jackson's motion to amend fails to demonstrate that this Court made an error of law in granting Dominion Cove's partial motion for summary judgment and for possession of easements. Her motion to amend is therefore DENIED.  An Order will be entered separately.

Date: _____October 15, 2007_____                    _____/s/_____
                                                              Alexander Williams, Jr.
                                                              United States District Judge