___FILED  ___ENTERED
___LOGGED ___RECEIVED

JUN 18 2010

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DOMINION COVE POINT LNG, L.P.       )
                                     )
    Plaintiff,                       )
                                     )
    v.                               )   Civil Action No. AW-07-1243
                                     )
1.9240 ACRES OF LAND MORE OR         )
LESS IN CHARLES COUNTY,              )
MARYLAND, *et al.*                   )
                                     )
    Defendants.                      )
                                     )

## MEMORANDUM OPINION

Pending before the Court and ready for resolution is Defendant Cloria A. Jackson's ("Ms. Jackson") Motion to Dismiss Order Referring Case to Land Commissioners (Paper No. 36). Plaintiff Dominion Cove Point LNG, L.P. ("Dominion Cove") filed an Opposition (Paper No. 38). Ms. Jackson did not file a Reply and the deadline for filing has elapsed. No hearing is deemed necessary and the Court now rules pursuant to Local Rule 105.6 (D. Md. 2009).

## BACKGROUND

On May 11, 2007 Dominion Cove filed a Complaint in Condemnation naming the easements, 1.9240 Acres of Land More or Less in Charles County, Maryland, and Cloria A. Jackson, as Defendants. Paper No. 1. Ms. Jackson filed an Answer on June 26, 2007. Paper No. 5. On July 2, 2007 Dominion Cove filed a Motion for Partial Summary Judgment and for Possession of Easements. Paper No. 6. Ms. Jackson filed an Amended Answer on July 17, 2007, Paper No. 9, and three days later, filed her Response to Dominion Cove's motion. Paper No. 10. Dominion Cove filed its Reply on August 2, 2007. Paper No. 12.

1

On August 10, 2007 this Court issued a Memorandum Opinion and Order granting Dominion Cove's Motion for Partial Summary Judgment and for Possession of Easements. Paper Nos. 13 - 14. The immediate possession of the easements is contingent upon Dominion Cove posting a surety bond in the amount of $11,264.00 with this Court. This Court also directed that this case continue for trial on the issue of just compensation.

On August 20, 2007 Dominion Cove posted a surety bond in the amount of $11,264.00. Paper No. 18. The next day Ms. Jackson filed her Motion to Vacate or Amend Partial Summary Judgment for Possession of Easements. Paper No. 17. Dominion Cove filed its Response on September 6, 2007. Paper No. 19. Ms. Jackson did not file a Reply by the deadline of September 20, 2006. On October 15, 2007 this Court issued a Memorandum Opinion and Order denying Ms. Jackson's Motion to Amend. Paper Nos. 20 - 21. Four days later this Court issued an Order referring this case to the Land Commissioners. Paper No. 22.

On October 29, 2007 Ms. Jackson moved to set aside or dismiss the order granting immediate possession of easements. Paper No. 23. On November 5, 2007 Ms. Jackson moved to dismiss or set aside the order referring the case to the Land Commissioners. Paper No. 24. On January 7, 2008 the Court issued a Memorandum Opinion and Order denying Ms. Jackson's motion to dismiss or set aside the order referring the case to the Land Commissioners. Paper Nos. 29, 31. That same day the Court issued an Order denying Ms. Jackson's motion to set aside or dismiss the order granting immediate possession of easements. Paper No. 30.

In July of 2008 Magistrate Judge Connelly convened a settlement conference with the parties. The case did not settle.

On April 23, 2010 the Court issued an Order Referring Case to Land Commissioners (Paper No. 35).[1] The referral was made pursuant to the Order Authorizing Referral of Certain Cases to the Land Commissioners. The Order of April 23, 2010 advised the parties, if they have any objections to the appointment of the Land Commissioners on the grounds of bias, prejudice or the like, such objections must be filed within fifteen (15) days of the date of the Order.

Ms. Jackson filed her motion to dismiss order referring case to Land Commissioners on May 7, 2010. The motion is timely filed.

## ANALYSIS

Ms. Jackson asserts the Land Commissioners would have a bias in favor of Dominion Cove.

> To appoint a Land Commission with three attorneys would again favor Dominion's request and deny Defendant the right of due process in accordance with the 5th, 7th, 9th and 14th Amendments of the U.S. Constitution.
>
> Defendant would be denied equal protection of the law in accordance with the 14th Amendment and asks that this Court will honor this request. Defendant would like a jury and an opportunity to screen the jurors.

Paper No. 36 at 2-3.

Ms. Jackson made a similar argument in her November 5, 2007 motion to dismiss or set aside order referring case to Land Commissioners. The Court responded to this concern in its Memorandum Opinion of January 7, 2008.

> The individuals appointed as Land Commissioners or alternate Land Commissioners are retired state court judges who have had significant judicial experience. These appointees know that all persons including corporations stand *equal* before the law and are

---

[1] The Court previously referred this case to the Land Commissioners on October 19, 2007. *See* Paper No. 22. For reasons unknown to the Court, that Order of referral was never executed.

3

> to be treated as *equals*. Dominion Cove will not receive any
> preferential treatment due to its corporate status.

Paper No. 29 at 7.

Ms. Jackson has not presented any evidence demonstrating the appointed Land Commissioners or alternate Land Commissioners have a history of or regularly find in favor of corporations over individuals. Nor has any other evidence been presented by Ms. Jackson to substantiate her assertion that the Land Commissioners or alternate Land Commissioners are biased against individuals but in favor of corporations. Ms. Jackson has failed to demonstrate bias, prejudice or the like as grounds for objecting to the appointment of the Land Commissioners.

Ms. Jackson requests a trial by jury. Ms. Jackson does not have an absolute right to a jury trial. As the Court noted in its Memorandum Opinion of January 7, 2008,

> In accordance with [Federal] Rule [of Civil Procedure] 71A(h) this Court has the discretion to order the issue of Ms. Jackson's just compensation be determined by a three person commission, *i.e.*, the Land Commissioners. Further, "the Court . . . has the right to order the issue [of just compensation] tried before a commission of three persons, despite a timely demand for a jury."

Paper No. 29 at 6 (quoting *Atlantic Seaboard Corp. v. Van Sterkenburg*, 318 F.2d 455, 459 (4th Cir. 1963) (footnote omitted)).

The remainder of Ms. Jackson's motion, in fact the bulk of the motion, concerns issues other than *the bias, prejudice or the like of the Land Commissioners*. Those issues have been addressed in the Court's Memorandum Opinion of August 10, 2007 (Paper No. 13), the Court's Memorandum Opinion of October 15, 2007 (Paper No. 20) and/or the Court's Memorandum Opinion of January 7, 2008 (Paper No. 29).

4

## CONCLUSION

Ms. Jackson's motion does not warrant vacating the referral to the Land Commissioners. Her motion to dismiss order referring case to Land Commissioners is therefore DENIED. The Site Visit by the Land Commissioners on June 23, 2010 and the Evidentiary Hearing before the Land Commissioners on June 28 - 29, 2010 shall proceed as scheduled. *See* Paper No. 41. An Order will be entered separately.

June 17, 2010
Date

Alexander Williams, Jr.
United States District Judge